Avert, J.
Two objections are made to the plaintiff’s right to recover in this ejectment:
1. That the judgment before the common pleas, under which the lessor of the plaintiff purchased the premises in controversy, is'void; and,
2. That if the judgment bo good, still no title could pass to the purchaser under execution.
It is claimed that the judgment is void, because, upon part of the defendants named in the original suit, no service was ever made. Now it is conceded, that if there had been no service upon either of the defendan ts; nor in any other way an appearance in the case of either one of the defendants, the court would have *230 had no jurisdiction, and in such case, according to the authorities, the judgment would have been a nullity, and all proceedings under it void. Such a judgment, execution under it, and sale, would not have jiassed *any title, and would not be treated as evidence in an action of ejectment.
But that is not the present case. Two of the defendants were summoned, and were therefore in court, because, by our law, where the summons is served, the defendants are declared to be in court. Over the two defendants, then, the court has jurisdiction. Could the judgment be pronounced void because, with some who were liable, others not liable were joined? That the judgment Would be erroneous is certain ; and we have had frequent occasion upon writs of error to reverse such judgments. The judgment, too, because it is joint, would be reversed as to all the defendants. But the reversal of judgment does not put the cause out of court. The cause is left, as still pending against the parties who had been served with process; and the difficulty which would arise from a joint judgment, may easily be avoided. By our law, when some of the- defendants have been served and others not, upon a proper return being made by the sheriff, a declaration may be filed against such of the defendants as are served, and a valid judgment rendered against them. Afterward, if it is thought advisable, by means of a scire facias, the others may be made defendants to the same judgment. Now, though this judgment is erroneous, upon principle, it can not be collaterally impeached; and until reversed it is admissible in evidence. But even if the judgment in this case were already reversed, the pui’chaser’s title would, notwithstanding, under our law, be secured to him. Considering the judgment erroneous, and therefore voidable, but not void, the court decide that an execution could have been lawfully issued, and lands by virtue of it subjected to sale. What extent of interest would pass by the sale, this is not the time to determine.
The second objection stated is, that no title could pass to the purchaser of. this land, under the judgment.
The land belonged to Nathaniel Massie, and he died intestate. It may, as it is urged, yet be needed to pay tho debts due from Massio’s estate; and estates are to bo settled and *the lands sold, according to our law, by an administrator. It is true that the sale of lands belonging to an estate, for the payment of debts, *231 must bo made by the administrator. He is authorized and required to sell for that purpose. But he can not sell without an order of court; and can not obtain such an order until he proves that there are demands against the estate, and no sufficient personal property to pay them. In the meantime the land, according to the decision of our courts, descends to the heir, and he is entitled to the possession and control until the administrator shall be authorized to sell it. If the land i s not required for the payment of debts, the title becomes absolute in the heir, and he can convey a perfect title to his grantee. He may pass a title immediately upon the death of the ancestor; but it will be subject to any legal call of the administrator, if at any time needed for the payment of debts. As the heir has a legal interest which he can convey, that interest must of necessity be subject to sale on execution to pay his debts.
The execution in this case was against the defendants as heirs; was levied upon land descended to them from their ancestor; and the title, certainly, of the two defendants served with process, passed by the sale under execution. The plaintiff has shown a title to recover in this action. The nonsuit, therefore, will be set aside, a new trial granted, and cause remanded to Ross county.